Hawkins J.,
delivered tbe opinion of tbe Court.
Tbe judgment rendered by tbe Circuit Court, at its February Term, 1860, is erroneous, and void for want of jurisdiction.
Tbe Code provides that, “In any civil action, when tbe summons bas been returned ‘not to be found in my county,’ as to all or any one of tbe defendants, residents of tbe county, tbe plaintiff may bave an alias or pluries summons for tbe defendant, or, at his election, may sue out attachment against the estate of such defendant,” and, “upon tbe return of tbe attachment, levied upon any property of tbe defendant, tbe cause proceeds against such defendant, in all respects, as if originally commenced by attachment:" S. S., 3466, 3467.
What, then, is tbe mode of procedure in cases of original attachment? Tbe officer granting tbe attachment, may, at tbe time, direct, that, as soon as tbe attachment is levied, publication be made in some newspaper, requiring tbe defendant to appear at a time and place, to be mentioned in such publication, before the Court of Justice having cognizance of tbe attachment, and defend tbe action thus commenced; otherwise, the cause may be proceeded with ex parte. But, if tbe order of publication be not then made by tbe officer granting tbe attachment, tbe Clerk of tbe Court, tbe Court itself, or tbe Justice before whom tbe attachment is returned, may make such order at any time thereafter. This order, in all cases when tbe attachment is returned into Court, should be upon the minutes or rule *274 docket of the Court; and as soon as the attachment is levied upon property of the defendant, the Clerk of the Court shall make out, in pursuance of the order of publication, a memorandum or notice thereof, which shall contain the names of the parties, the style of the court to which the attachment is made returnable, the' cause alleged for suing it out, and the time and place at which the defendant is required to appear and defend the attachment suit, and cause the same to be published forthwith in some convenient newspaper, to be designated in the order, for four successive weeks, the last publication to be at least one week before the time fixed for the defendant’s appearance.
The Statute declares that the attachment and publication are in lieu of personal service upon the defendant ; and the plaintiff may proceed, upon the return of the attachment duly levied, as if the suit had been commenced by summons: Code, pp. 644, 645.
. In this case, the officer granting the judicial attachment, made no order of publication at the time, and it is questionable whether he had the power to have done so; for, it will be observed, the Statute provides, that, upon the return of the judicial attachment, levied upon the property of the defendant, the -cause proceeds, in all respects, as if commenced by original attachment.
No order of publication appears to have been made, by either the Clerk or the Court, after the levy of the judicial attachment; and no publication, as required by the Statute, appears to have been made — none is in the record; neither is there any evidence whatever, even *275 so much as the recital in the judgment of the Court, which would furnish, at least, prima facie evidence of the fact that any such publication has ever been made.
The Statute declares the attachment and publication are in lieu of personal service of process upon the defendant, and it follows, that, without both, the Court had no jurisdiction to pronounce the judgment.
The judgment upon the dismissal of the writ of error coram nobis, being founded upon a void judgment, is erroneous; it will be reversed and set aside.
The judgment rendered at the February Term, 1866, of the Circuit Court, will be reversed and the cause remanded.